IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

THOMAS WEIR PAUKEN II,
a/k/a: "Tom McGregor"

Defendant.

Case No. 1:26-MJ-67

**UNDERSEAL**

GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of

the Local Criminal Rules for the United States District Court for the Eastern District of Virginia,

asks for an Order to Seal the complaint and affidavit in support of the complaint, until the

defendant is arrested.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The Federal Bureau of Investigation ("FBI") is investigating the defendant for

acting as an agent of a foreign government without notifying the Attorney General, in violation of

18 U.S.C. § 951(a).

2.      Premature disclosure of the charges against the defendant would jeopardize an

ongoing criminal investigation threatening our ability to locate and arrest the defendant and may

lead to the destruction of evidence.   Disclosure of the complaint and affidavit in support of the

complaint would provide the defendant and others with a roadmap of the ongoing criminal

investigation, including the identity of agents and potential witnesses involved.

1

II.    **REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.    The Court has the inherent power to seal complaints and affidavit in support of complaints.   *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).   "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."   *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).   Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely.   *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

III.    **PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4.    The complaint and affidavit in support of the complaint would need to remain sealed until the defendant is arrested.

5.    Upon occurrence of the event specified in paragraph 2, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6.    The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in

2

support of the complaint] and this Motion to Seal and proposed Order be sealed until the defendant

is arrested.

Respectfully submitted,

Todd W. Blanche
Deputy Attorney General


By:    \_\_\_\_/s/_____
Gavin R. Tisdale
Assistant United States Attorney

3