IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

THOMAS WEIR PAUKEN II,

Defendant.

Case No. 1:26-MJ-67

## SECOND CONSENT MOTION TO EXTEND TIME FOR INDICTMENT

The United States of America, by undersigned counsel, with the express consent of the defendant, and the defendant's counsel, respectfully move the Court to extend the time to indict this case for an additional 25 days, through and including June 5, 2026. In support thereof, the parties state as follows:

1.      The defendant was arrested on or about February 27, 2026, on a criminal complaint charging him with acting as the agent of a foreign government, in violation of 18 U.S.C. § 951(a). ECF No. 1 (complaint); ECF No. 12 (executed arrest warrant). On or about March 2, 2026, the defendant made his initial appearance in the Eastern District of Virginia. ECF No. 9. The defendant has retained Charles Burnham as counsel. ECF No. 8 (notice of attorney appearance). On or about March 5, 2026, the defendant waived his preliminary hearing, the Court found probable cause to support the criminal complaint, and the Court detained the defendant pending trial. ECF No. 14 (minute entry); ECF No. 15 (waiver of preliminary hearing); ECF No. 16 (order of detention).

2.      The Speedy Trial Act requires that the defendant be indicted within thirty days of the defendant=s arrest after subtracting all excludable time. A conservative estimate of the indictment deadline was originally March 27, 2026. But the parties jointly requested an

1

extension of approximately 45 days for an indictment. ECF No. 19. The Court granted the motion and ordered the indictment deadline to be extended up to and including May 11, 2026. ECF No. 20. The Court noted that no further extensions will be granted. *Id.*

3.      Since the defendant was charged, the government has worked with defense counsel to provide discovery, answer counsel's questions, and discuss potential pretrial resolution of this matter. While the parties acknowledge the Court's order indicating that no further extensions shall be granted, the parties request a 25-day extension for three reasons.

4.      First, defense counsel needs additional time to review pre-indictment discovery. Specifically, the government promptly produced key reports, interviews, photographs, and audio recordings regarding the allegations in the affidavit in support of the complaint. The government has also produced approximately 190 GB of data from the defendant's devices, which the FBI obtained through a search warrant on or about February 26, 2026. Due to the time to extract, process, and copy data from those devices, as well as the time needed to replicate copies for the defense, the government was not able to produce data from the defendant's devices until March 25, 2026, which defense counsel picked up the next day. While the government originally produced forensic copies of those devices on that date, those copies were incompatible with typical forensic tools such as Cellebrite and Axiom. Defense counsel advised the government of this issue on March 31, 2026. Upon realizing this error, the government produced another copy of the devices that were readable through Cellebrite and Axiom on April 10, 2026. Due to scheduling conflicts, defense counsel was able to pick up the Cellebrite and Axiom versions on April 17, 2026. At the time of the original indictment extension, the parties did not realize that the processing and production time of the devices in a readable format would take as long as it has. Permitting defense counsel additional time to review the information from those devices

2.

would serve the interests of justice by allowing him and the defendant to review the evidence against the defendant. *See* 18 U.S.C. §§ 3161(h)(7)(B)(iv) (permitting a continuance where failing to do so "would deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence").

5.    Second, defense counsel needs additional time to assess any viable defenses for the defendant. Section 951(a) is not often charged, and defense counsel would use the additional pre-indictment time to review the evidence in light of his legal research regarding viable defenses. Notably, defense counsel is assessing a potential *mens rea* defense that has not been addressed by the Fourth Circuit and remains an open question in most circuits. *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii) (permitting a continuance where the case is so unusual or complex because of "the existence of novel questions of fact or law").

6.    Third, the parties request additional time to discuss potential pre-indictment resolution of this matter. *See United States v. Robey*, 831 F.3d 857, 863 (7th Cir. 2016) (affirming two pre-indictment end-of-justice continuances because the parties "needed additional time to attempt to negotiate a resolution to the matter without a trial"). Counsel have had productive discussions about potential resolution. But defense counsel needs additional time to discuss resolution with his client. Similarly, the government needs additional time to obtain the appropriate approvals from the U.S. Attorney's Office and the Department of Justice for any resolution.

7.    In sum, extending this time period for approximately 25 days, until June 5, 2026, would be in the best interests of justice in that it would give the defense counsel an opportunity to meet with the defendant, review discovery, assess viable defenses, and discuss possible pre-indictment plea resolution of the case.

3

8.    The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment in this case through and including June 5, 2026. The waiver is made knowingly, intentionally, and voluntarily by the defendant, and with full knowledge of the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, and with the advice and consent of counsel.

9.    The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by this waiver.

WHEREFORE, the parties request that the time to indict this case be extended to and including June 5, 2026, and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to Title 18, United States Code, Section 3161(h).

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

Date:  April 22, 2026          By:    */s/ Gavin R. Tisdale*
                                       Gavin R. Tisdale
                                       Assistant United States Attorney

4

<u>Defendant=s Signature</u>:  I hereby agree that I have consulted with my attorney and fully understand all my rights with respect to a speedy trial, including my right to be charged by indictment within 30 days of arrest, as required by Title 18, United States Code, Section 3161(b). I have read this motion for an extension of time to be charged by indictment, and carefully reviewed every part of it with my attorney.  I understand this motion and voluntarily agree to it.

Date: 04/24/26 _____

                       Thomas Weir Pauken, II
                       Defendant

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant=s right to be charged by indictment within 30 days of arrest.  Specifically, I have reviewed the terms and conditions of Title 18, United States Code, Section 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.  To my knowledge, the defendant=s decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: 4/24/26 _____

                       Charles Burnham
                       Counsel for the Defendant